# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **MARDOCHE OLIVIER,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:17-cv-00835 |
| ) | Judge Trauger |
| **STATE OF TENNESSEE,** *et al.*, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM AND ORDER

Mardoche Olivier, a resident of Clarksville, Tennessee, has filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. (Docket No. 1). He also has filed an application to proceed *in forma pauperis*. (Docket No. 2).

A review of the application shows that the petitioner has insufficient financial resources to pay the filing fee in this action. Therefore, the petitioner's application is **GRANTED**, and the Clerk shall file the petition *in forma pauperis*. 28 U.S.C. § 1915(a).

The petition in this case is identical in most respects to the petitions previously dismissed in the following cases, also brought by the petitioner: *Olivier v. Tennessee, et al.,* No. 3:17-cv-00830 (M.D. Tenn. June 1, 2017)(Crenshaw, J.); *Olivier v. Tennessee, et al.,* No. 3:17-cv-00831 (M.D. Tenn. June 1, 2017)(Crenshaw, J.); *Olivier v. Tennessee, et al.,* No. 3:17-cv-00832 (M.D. Tenn. May 25, 2017)(Trauger, J.); *Olivier v. Tennessee, et al.*, No. 3:17-cv-0837 (M.D. Tenn. June 1, 2017)(Trauger, J.). Each petition refers to a different state criminal action. In all cases, the petitioner, who is free on bail awaiting trial in Montgomery County, alleges that his constitutional rights have been violated in connection with his arrest and pending prosecution on state criminal

1

charges. He has further alleges that he has been unable to have his claims adjudicated by a state court because Tennessee courts will not entertain an appeal or *habeas corpus* action until after a defendant is convicted. He asks this court to order the Montgomery County Court to dismiss the case against him and order him released from his bond.

A § 2241 petition for federal *habeas corpus* relief will not be considered unless the petitioner first exhausts all available state court remedies for each claim presented in the petition. *Hamm v. Saffle*, 300 F.3d 1213, 1216 (6th Cir. 2002). The Supreme Court has cautioned that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court," and explained that

> Early federal intervention in state criminal proceedings would tend to remove federal questions from the state courts, isolate those courts from constitutional issues, and thereby remove their understanding of and hospitality to federally protected interests. [The exhaustion doctrine] preserves orderly administration of state judicial business, preventing the interruption of state adjudication by federal habeas proceedings.

*Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489, 490 (1973) (quoting Note, Developments in the Law–Federal Habeas Corpus, 83 *Harv. L. Rev.* 1038, 1094 (1970)). The Court found that the district court had properly granted relief on a fully exhausted speedy trial claim, but "emphasize[d] that nothing we have said would permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court," and rejected the notion that its decision would "convert[] federal habeas corpus into 'a pretrial-motion forum for state prisoners.'" *Id*. at 493.

Likewise, the Sixth Circuit has observed that exercise of the court's power under § 2241 should be limited:

> [A]lthough § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas corpus petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. Abstention from the exercise of the habeas corpus jurisdiction is justified by the doctrine of comity, a recognition of the concurrent jurisdiction created by our federal system of government in the separate state and national sovereignties. Intrusion into state proceedings already underway is warranted only in extraordinary circumstances.

*Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) (internal citations omitted). Indeed, federal courts have generally recognized that the "Younger abstention doctrine," arising from *Younger v. Harris*, 401 U.S. 37 (1971), applies to petitions for the writ of *habeas corpus*. *See, e.g., In re Justices of Superior Ct. Dep't of Mass. Tr. Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000) (applying abstention principles to pretrial *habeas* petition); *Davis v. Lansing*, 851 F.2d 72, 76 (2d Cir. 1988) (affirming dismissal of pretrial *habeas* petition on abstention grounds). The Younger abstention doctrine requires a federal court to abstain from interfering with pending state civil or criminal proceedings involving important state interests, absent extraordinary circumstances. *Younger*, 401 U.S. at 44; *see Jones v. Perkins*, 245 U.S. 390, 391–92 (1918) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").

Here, the petitioner's case implicates Tennessee's important interest in adjudicating alleged criminal conduct. The petitioner has not alleged any extraordinary circumstances warranting this court's intervention before allowing time for him to present his constitutional claims to Tennessee courts during the normal course of his criminal case. For these reasons, and those previously set forth by the court in the petitioner's previous cases, the petition is **DISMISSED WITHOUT**

**PREJUDICE** to the petitioner's ability to refile upon the exhaustion of his state court remedies.

Because the petitioner has failed to make a substantial showing of a constitutional violation in this matter, the court **DENIES** a certificate of appealability. *See Castro v. United States*, 310 F.3d 900 (6th Cir. 2002) ("A petitioner is entitled to a COA only if he 'has made a substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

This order constitutes final judgment in this action.

**IT IS SO ORDERED.**

ENTER this 26th day of June 2017.

_____
Aleta A. Trauger
United States District Judge